UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNA DZANANOVIC, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:22-CV-1343 SRW |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Erna Dzananovic's Application for Award of Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 24. On November 20, 2023, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. ECF Nos. 22, 23. Plaintiff now seeks attorney's fees in the amount of Seven Thousand and Eighty Dollars and Fifty-One Cents ($7,080.51). This amount is based on 0.6 hours of attorney time in November 2022 at a rate of $239.01 per hour, 1.3 hours of attorney time in December 2022 at a rate of $238.28 per hour, 0.3 hours of attorney time in February 2023 at a rate of $241.52 per hour, 24.4 hours of attorney time in July 2023 at a rate of $245.42 per hour, 0.4 hours of attorney time in August 2023 at a rate of $246.49 per hour, 0.6 hours of attorney time in November 2023 at a rate of $246.51 per hour, and 1.3 hours of attorney time in December 2023 at a rate of $246.26 per hour. *See* ECF No. 25-1. Plaintiff

---

[1] At the time this case was filed, Kilolo Kijakazi was the Commissioner of Social Security. Martin J. O'Malley became the Commissioner of Social Security on December 20, 2023. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name, and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Martin J. O'Malley for Kilolo Kijakazi in this matter.

requests compensation at the statutory hourly rate of $125.00 plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d). Plaintiff requests that the award of attorney's fees be made payable to her attorney, Kristen N. Van Fossan, based upon Plaintiff's Assignment of Federal Court EAJA Attorney Fee agreement signed by Plaintiff. *See* ECF No. 25-3.

The Commissioner filed a response which states no objection to Plaintiff's request for attorney's fees under the EAJA in the amount of $7,080.51 to be paid by the Social Security Administration. ECF No. 26. The Commissioner, however, asserts "the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." *Id*.

The Court has reviewed Plaintiff's Application for Attorney's Fees pursuant to the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated November 20, 2023, the Court remanded this case to Defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 22, 23. A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The hourly rate should be increased, however, where there is "uncontested proof of an increase in the

2

cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504-505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 25-2. The Court agrees with Plaintiff that a cost-of-living increase is appropriate as requested.

As Plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds she is entitled to $7,080.51. Despite Plaintiff's request for the Court to make the fee payable directly to her attorney, as an assignee, the Court must instead make the fee payable to Plaintiff as the litigant. *See Astrite v. Ratliff*, 560 U.S. 586, 593 (2010) (holding EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States); *see also Johnson v. Colvin*, No. 4:11-CV-1599 AGF, 2013 WL 5567711, at *1 (E.D. Mo. Oct. 9, 2013) ("The Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff."); *Madison v. Astrue*, No. 4:11-CV-238-TIA, 2012 WL 2919135, at *1 (E.D. Mo. July 17, 2012) (providing award of attorney's fees directly to the plaintiff despite the execution of an assignment agreement) (citing *Sumpter v. Astrue*, No. 2:10-CV-35-AGF, 2012 WL 88088, at *1 (E.D. Mo. Jan. 11, 2012)).

Accordingly,

**IT IS HEREBY ORDERED** that Erna Dzananovic's Application for Award of Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 [ECF No. 24] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access to Justice Act in the amount of Seven Thousand and Eighty Dollars and Fifty-One Cents ($7,080.51).

**IT IS FURTHER ORDERED** that the award of attorney's fees shall be made payable to Plaintiff Erna Dzananovic, subject to any pre-existing debt the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel, Kristen N. Van Fossan, at Dennis W. Fox and Associates, 211 N. Broadway, Suite 2400, St. Louis, Missouri 63102.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Martin J. O'Malley for Kilolo Kijakazi in the court record of this case.

So Ordered this 9th day of February, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE